### NEW YORK RUBBER CO. *v.* ROTHERY *et al.*

(*Supreme Court, General Term, Second Department.* July 18, 1890.)

**WATERS AND WATER-COURSES—DIVERSION OF STREAM.**

In an action by a riparian owner for diverting a stream which defendants had a right to use, the court properly charged that if defendants used the water, and left enough in the river to enable the jury to say that what they took away was immaterial, then the verdict must be for defendants; but that, if defendants used and diverted the water to a degree that appreciably and materially lessened the stream, then the verdict must be for plaintiff for six cents, there being no pretense of damages.

Appeal from circuit court, Dutchess county.

Action by New York Rubber Company against John Rothery and William Rothery to recover damages for the diversion of running water in a stream. There was a verdict for defendants, and from the judgment entered thereon plaintiff appeals. For former reports, see 14 N. E. Rep. 269; 20 N. E. Rep. 546; 6 N. Y. Supp. 954.

Argued before DYKMAN and PRATT, JJ.

*Lee & Lee,* for appellant. *H. H. Hustis,* for respondents.

DYKMAN, J. Upon the first trial of this action the complaint of the plaintiff was dismissed, and the judgment entered for the defendant was affirmed by the general term, but reversed by the court of appeals. There has now been a second trial of the action, and a verdict has been rendered for the defendant, and the plaintiff has appealed from the judgment entered upon such verdict. As we understand the decision of the court of appeals, the refusal of the trial judge to submit the case to the jury and the dismissal of the complaint were erroneous, because there was evidence in the case which tended "to show that the use made by the defendants of the water in the creek was such that at various times the quantity which would otherwise have flowed past plaintiff's lots was perceptibly and materially diminished;" and the trial judge evidently understood the decision in the same way, and intended to conduct the trial in obedience thereto. Upon that question the charge to the jury contained these directions, among others: "The Rotherys have a right to use this stream, and to divert it, provided they do not divert it to a material and appreciable degree, and that is the question that you are to decide. If the defendants left enough, if they have left enough, if they have left all that is material, and have taken the water to an inappreciable extent, they have done no wrong. It is like the case of a farmer who has the right to use a stream to water his cattle. He has a right to its use to an extent that is necessary for his business, and these defendants have the right to use this water to run their wheel, provided they do not interfere with the stream to an extent that you can say is both appreciable and material; * * * and it is your duty to say whether the Rotherys, at any time within the period covered by this complaint, used the lower dam at a time when but for its use this river would have been lower both appreciably and in a material degree. * * * That, gentlemen, is the case, and all the case that goes to you. If the defendants used this water, and left the river behind them sufficiently to enable you to say that what they took away was an immaterial thing, you will find for the defendants; but if you find that the defendants have used the water, and diverted it to a degree that has appreciably and materially lessened this stream, you will find a verdict for the plaintiff for six cents, there being, as I understand it, no pretense of any damage in the case at all." Thus the only question of fact involved in the case was submitted

to the jury upon the principles laid down by the court of appeals, and the verdict was rendered for the defendants. The question of equitable estoppel was disposed of by the court of appeals, and was not raised upon the second trial. We find no error in this charge as made, or in the refusals to charge as requested. The judgment and order denying the motion for a new trial should be affirmed, with costs.